Filed 11/17/22  P. v. Razon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079106 |
| v. | (Super.Ct.No. ICR17621) |
| DWAYNE BERNARD RAZON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Defendant and appellant Dwayne Bernard Razon appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1172.6 of the Penal Code.[1]  We affirm.

## BACKGROUND

In 1995, a jury found defendant guilty of several offenses, including second degree murder in violation of section 187.  In 1996, the trial court sentenced him to a prison term of 15 years to life.

Defendant appealed his conviction to this court.  (*People v. Razon* (Feb. 26, 1998, E018625) [nonpub. opn.].)  He raised several arguments, including insufficiency of the evidence to support the jury's conclusion that he committed provocative act murder.  We corrected an error in the abstract of judgment and affirmed the judgment in all other respects.

On January 1, 2019, Senate Bill No. 1437 became effective.  (Stats. 2018, ch. 1015.)  That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony-murder rule in cases of first and second degree murder and eliminated the natural and probable consequences liability for murder.  (Stats. 2018, ch. 1015.)  The bill also added section 1172.6, which creates a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief.

---

[1]  Section 1170.95 was renumbered as section 1172.6 without change in the text, effective June 30, 2022 (Stats. 2022, ch. 58, § 10).  For the sake of simplicity, we refer to the provision by its new numbering.  All further statutory references are to the Penal Code.

In December 2020, defendant's section 1172.6 handwritten petition to the trial court was summarily denied without prejudice. Defendant then filed a form petition in February 2021. The court appointed counsel for him and ordered the People to show cause why the petition should not be granted. The People responded that defendant was not eligible for relief because (i) the jury had not been given instructions on the felony-murder rule or the natural and probable consequences doctrine, and (ii) the jury found defendant guilty of provocative act murder. At the May 2021 hearing, the trial court, relying on *People v. Johnson,* found defendant was ineligible for relief found because Senate Bill No. 1437 does not apply to provocative act murder. (*People v. Johnson* (2020) 57 Cal.App.5th 257, review denied Feb. 17, 2021, S266188.) Defendant appealed.

On appeal, defendant's appointed appellate counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436, that is, the brief set forth statements of the case and facts but did not present any issues for adjudication. Defendant did not respond to our invitation to submit a personal supplemental brief. We affirmed the trial court's denial of the petition after we conducted an independent review and found no arguable issues. (*People v. Razon* (Aug. 26, 2021, E077085) [nonpub. opn.].)

In January 2022, defendant filed another section 1172.6 petition. The trial court appointed counsel for defendant and set the matter for a status hearing. At the hearing, the People argued defendant's eligibility for relief under section 1172.6 had already been

fully litigated in May 2021, and the trial court's dismissal at that time was affirmed by this court. Defendant's counsel submitted the matter, and the court denied the petition with prejudice. Defendant appealed.

## DISCUSSION

Defendant's appointed appellate counsel has filed an opening brief that sets forth statements of the case and facts but does not present any issues for adjudication. She suggests this court is required to independently review the record on appeal pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436.

Counsel presents four potentially arguable issues: (i) what procedures are appointed counsel and the Court of Appeal required to follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit; (ii) whether defendant is entitled to notice of those procedures; (iii) whether the trial court erred when it denied defendant's petition for relief under section 1172.6; and, (iv) whether the trial court's denial of appellant's petition constituted prejudicial error.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Although we are not required to independently review the record for potential errors in a postjudgment appeal, we exercised our discretion to do so in keeping with our opinion in *People v. Griffin* (Nov. 14, 2022, E079269) ___ Cal.App.5th ___ [2022 Cal.App. LEXIS 936]. We found no arguable issues.

4

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

FIELDS
J.

5